UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAWRENCE HACKSHAW,

                                 Plaintiff,

                 -against-

OFFICER PAUL URQUIAGA, SERGEANT RHETT
BARRETT, ADA JENNIFER BUENTELLO, LT.
THOMAS SLATTERY, DETECTIVE INVESTIG.
STANLEY SCHIFFMAN, DET. STEVEN SWINDELL

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANTS BUENTELLO, SWINDELL, BARRETT, SLATTERY, URQUIAGA, AND SCHIFFMAN**

**JURY TRIAL DEMANDED**

15-CV-4005 (ER)

        Defendants Assistant District Attorney Buentello, District Attorney Investigator Swindell, Sergeant Barrett, Lieutenant Slattery, Officer Urquiaga, and District Attorney Investigator Schiffman, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations contained in paragraph "I" of the Second Amended Complaint and its subparts, except admit only that plaintiff purports to identify a valid contact address for himself and also purports to identify the defendants as stated therein.

        2.  Deny the allegations contained in paragraph "II" of the Second Amended Complaint and its subparts, except admit only that, on or about July 6, 2010, plaintiff was lawfully arrested and indicted on July 9, 2010 on charges of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the fourth degree, resisting arrest, and false personation, and on or about September 25, 2012, Bronx County Supreme Court Case No. 2876-2012 was dismissed.

3.   Deny the allegations contained in paragraph "III" of the Second Amended Complaint and its subparts, except admit that plaintiff purports to seek damages as stated therein.

4.   Admit only that plaintiff purports to allege that his claim did not arise while confined in a jail, prison, or other correctional facility, and further state that there are no other allegations contained in paragraph "IV" which require a response.

5.   Deny the allegations contained in, paragraph "V" of the Second Amended Complaint and its subparts, except admit only that plaintiff purports to seek relief as stated therein.

6.   Deny the allegations contained in paragraph "VI" of the Second Amended Complaint and its subparts, except admit that plaintiff initiated the civil action *Lawrence Hackshaw v. City of New York, et al.*, Docket No. 306897-12, in the Bronx County Supreme Court in 2012, which resolved and concluded in settlement in 2014.  Defendants further admit that on or about November 21, 2014, plaintiff executed a general release, wherein plaintiff expressly released the City of New York, any present or former employees and agents of the City of New York, and/or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of that Release.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "Exhibit A" of the Seconded Amended Complaint, except admit only that plaintiff purports to attach a Certificate of Disposition related to the criminal prosecution *People v. Lawrence Hackshaw*, Docket No. 02876-2010.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

8.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

9. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

10. At all times relevant to the acts alleged in the Complaint, defendants Urquiaga, Swindell, Slattery and Barrett acted reasonably and properly in the lawful exercise of their discretion and/or judgmental decisions. Therefore, defendants Urquiaga, Slattery and Barrett are entitled to qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

11. At all times relevant to the acts alleged in the Complaint, defendants Buentello Swindell, and Schiffman, acted reasonably and properly in the lawful exercise of their prosecutorial discretion and/or judgmental decisions. Therefore, defendants Buentello, Swindell, and Schiffman are entitled to absolute immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

12. Any injury alleged to have been sustained resulted from plaintiff's own culpable, negligent, or intervening conduct and was not the proximate result of any act of defendant Buentello, Swindell, Barrett, Slattery, Urquiaga, or Schiffman.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

13. To the extent the Complaint can be read to assert state law claims against the defendant, plaintiff has failed to comply, in whole or in part, with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

14.     Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

15.     Defendants Schiffman, Slattery, Buentello, and Swindell had no personal involvement in some or all facts alleged in the Second Amended Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

16.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

17.     There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

18.     Plaintiff's claims are barred, in whole or in part, pursuant to a General Release executed by the plaintiff on or about November 21, 2014, wherein plaintiff expressly released the City of New York, any present or former employees and agents of the City of New York, and/or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of that Release.

**WHEREFORE,** defendants Buentello, Swindell, Barrett, Slattery, Urquiaga, and Schiffman request judgment dismissing the Second Amended Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 27, 2016

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants Buentello, Swindell,*
                              *Barrett, Slattery, Urquiaga, and Schiffman*
                              100 Church Street, Room 3-306
                              New York, New York 10007
                              (212) 356-5052

                       By:    _____/s/_____
                              Colin McCann Ceriello
                              Assistant Corporation Counsel


TO:     **VIA FIRST-CLASS MAIL**
        Lawrence Hackshaw
        15-R-1245
        Lakeview Shock Incarceration Correctional Facility
        P.O. Box T
        Brockton, NY 14716-0679