UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE HACKSHAW,

                  Plaintiff,

          - against -

OFFICER PAUL URQUIAGA, ASSISTANT
DISTRICT ATTORNEY JENNIFER
BUENTELLO; SERGEANT RHETT
BARRETT; DETECTIVE STEVEN
SWINDELL; DISTRICT ATTORNEY
INVESTIGATOR STANLEY SCHIFFMAN and
LIEUTENANT THOMAS SLATTERY,

                  Defendants.

**<u>OPINION AND ORDER</u>**

15 Civ. 4005 (ER)

<u>Ramos, D.J.</u>:

    *Pro se* Plaintiff Lawrence Hackshaw brings this action pursuant to 42 U.S.C. § 1983 against Defendants Officer Paul Urquiaga, Assistant District Attorney Jennifer Buentello ("ADA Buentello"), Sergeant Rhett Barrett, Detective Steven Swindell, District Attorney Investigator Stanley Schiffman ("DAI Schiffman"), and Lieutenant Thomas Slattery claiming false arrest, malicious prosecution, and defamation.

    Before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  For the reasons stated below, Defendants' motion is GRANTED.

## I. **Background**[1]

On July 6, 2010, Plaintiff was arrested by Officer Urquiaga and Sergeant Rhett Barrett for his alleged involvement in a stabbing.  Def. 56.1 Stmt. ¶ 1.  According to Plaintiff, he was not involved in the crime, but rather walked towards the altercation to try to intervene after realizing that he knew one of the people involved.  Third Amended Complaint ("Compl."), (Doc. 18), at 8.  Nonetheless, officers arrested both Plaintiff and another man, who was later convicted for the stabbing.  *Id.*  On July 7, 2010, Plaintiff was arraigned and charged with, among other things, assault in the first degree.  Def. 56.1 Stmt. ¶ 2.  On September 25, 2012, the charges against Plaintiff were dismissed.  *Id.* at ¶ 3.

While his criminal case was still pending, on August 12, 2012, Plaintiff brought suit, with help of counsel, against the City of New York and Corrections Officer Jones in Bronx Supreme Court.  *See Hackshaw v. City, et al*, N.Y. Bronx Sup. Ct. No. 206897 (*Hackshaw I*), Def. 56.1 Stmt. ¶ 4.  In that suit, Plaintiff alleged that a corrections officer assaulted him while he was imprisoned (on unrelated charges) and that the City of New York, among other things, was negligent in failing to prevent the assault.  *See* Declaration of Colin McCann Ceriello in Support of Defendants' Motion for Summary Judgment ("Ceriello Decl.") (Doc. 37) Ex. D, ¶ 8.  On November 21, 2014 – more than two years after the criminal charges related to the stabbing were dismissed – the City of New York and Plaintiff resolved *Hackshaw I* by entering into a "Stipulation of Settlement" and "General Release" in consideration for $21,500.  Def. 56.1 Stmt. ¶ 6.  The Stipulation provided that the action was "discontinued as to all parties, including all

---

[1] The following facts are taken from Defendants' 56.1 Statement ("Def. 56.1 Stmt.") (Doc. 36); the Third Amended Complaint ("Compl.") (Doc. 18); and Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Memo.") (Doc. 38) and the supporting documents.

cross-claims and counterclaims, with prejudice and without costs or disbursements to any party."

Ceriello Decl. Ex. E.  The "General Release" forever discharged,

> the City of New York, and all past and present officers, directors, managers, administrators, employees . . . and representatives of the City of New York . . . collectively, the 'RELEASEES,' **from any and all claims, causes of action, suits . . . and demands whatsoever, known or unknown, which [Plaintiff] had, now has or hereafter can, shall or may have, either directly or through subrogees or other third persons, against the RELEASEES** for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

*Id.* Ex. F, at 1 ("the Release") (emphasis added).

## II.  Procedural History

Plaintiff filed the instant suit on May 15, 2015.  (Doc. 2).  On June 16, 2015, the Court directed Plaintiff to file an amended complaint, (Doc. 5), which he filed on August 17, 2015 (Doc. 7).  On December 18, 2015, the Court issued a Valentin Order directing counsel for Defendants to provide the full names, shield numbers, and service addresses of all individually-named defendants and allowed Plaintiff to file an amended complaint correctly naming all of the individual defendants.  (Doc. 15).  On March 7, 2016 Plaintiff filed a second amended complaint. (Doc. 18).  This Court granted Defendants leave to file a motion for summary judgment on August 3, 2016, which Defendants filed on August 24, 2016 (Doc. 34).

## III.  Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint*

*Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*

The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where, like here, "the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex*, 477 U.S. at 322–23).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 322–23).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)) (internal quotation marks omitted).  However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture, or surmise. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  The non-moving party must do more than show that there is "some metaphysical doubt as to the material facts." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)) (internal quotation mark omitted).  To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on

which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986)).

The Second Circuit has made clear that "special solicitude should be afforded *pro se*

litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*,

848 F.2d 342, 344 (2d Cir. 1988) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642

(2d Cir. 1988)).  *Pro se* litigants' submissions are "held 'to less stringent standards than formal

pleadings drafted by lawyers.'"  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Young v. N.Y.C. Dep't of Educ.*, No. 09

Civ. 6621, 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010) (noting that the same principles

apply to briefs and opposition papers filed by *pro se* litigants).  Although "*pro se* status 'does not

exempt a party from compliance with relevant rules of procedural and substantive law,'"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*,

710 F.2d 90, 95 (2d Cir. 1983)), courts read the pleadings and opposition papers submitted by

*pro se* litigants "liberally and interpret them 'to raise the strongest arguments that they suggest.'"

*McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d

787, 790 (2d Cir. 1994)).  "However, a *pro se* party's 'bald assertion,' completely unsupported

by evidence, is not sufficient to overcome a motion for summary judgment."  *Lee v. Coughlin*,

902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.

1991)).

## IV.  <u>Discussion</u>

Defendants argue that Plaintiff's claims fail as a matter of law because the Release

Plaintiff signed on November 21, 2014, while he was represented by counsel, encompassed the

claims he asserts here.  Defendants Memorandum of Law in Support of their Motion for

5

Summary Judgment ("Def. Memo.") (Doc. 38), at 4.  It is well settled that settlement agreements and releases are construed "according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *Collins v. Harrison–Bode,* 303 F.3d 429, 433 (2d Cir. 2002). "Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed."  *Wang v. Paterson*, No. 07 Civ. 2032 (LTS), 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (internal quotations omitted)); *see also Peterson v. Regina*, 935 F. Supp. 2d 628, 635 (S.D.N.Y. 2013) ("[C]ourts must look to the language of a release—the words used by the parties—to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous.").  Under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.'"  *Loccenitt v. Pantea*, No. 12 CIV. 1356 (AT), 2014 WL 7474232, at *2 (S.D.N.Y. Dec. 29, 2014) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998)).

In *Hackshaw I*, Plaintiff agreed to release the City of New York, and all past and present officers and representatives of the City of New York from any and all claims and suits whatsoever, known or unknown as of the date the Release was executed.  Ceriello Decl. Ex. F, at 1.  This language is unambiguous.  *Staples v. Officer Acolatza*, No. 14 Civ. 3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (listing cases in which courts in this Circuit concluded that similarly phrased releases barred suit against the City and its employees for conduct predating the release).  The Defendants here are police officers, an assistant district attorney, and a district attorney investigator all employed by the City of New York, and thus within the definition of the Release as "past or present employees of the City of New York."  By signing the Release, Plaintiff agreed to release all claims "known or unknown" that occurred through

6

November 21, 2014.  *See Dechberry v. N.Y. City Fire Dep't*, 124 F. Supp. 3d 131, 142 (E.D.N.Y.

2015) (citing *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011)

("Words of general release are clearly operative not only as to all controversies and causes of

action between the releaser and the releases which had, by that time, actually ripened into

litigation, but to all such issues which might then have been adjudicated as a result of pre-

existent controversies.")).  Since Plaintiff's claims accrued no later than September 25, 2012,

when the assault charges against him were dismissed, the broad, unambiguous language in the

*Hackshaw I* Release dictates that Plaintiff also released the instant claims when he signed the

Release.

Plaintiff contends that the reasoning in *Regina* applies, saving his claims from being

barred by the release.  Letter from Plaintiff Opposing Defendants' Motion for Summary

Judgment ("Pl. Opp.") (Doc. 40), at 2-4.  In *Regina*, Peterson (plaintiff) was arrested on January

21, 2007 ("Jan. 2007 arrest") for the criminal sale of a controlled substance, and was

subsequently arrested on July 15, 2008 ("July 2008 arrest"), for trespass and possession of a

controlled substance.  *Regina*, 935 F. Supp. 2d at 632-33.  On March 3, 2010, Peterson filed two

separate lawsuits against the City and officers involved in each of the two arrests.  The parties

eventually reached an agreement in the suit relating to the Jan. 2007 arrest and on June 30, 2011,

Peterson signed a document labeled "General Release."  The release stated that Peterson,

> release[d] and discharge[d] the defendants; the defendants' successors or assigns;
> and all past and present officials, employees, representatives and agents of the City
> of New York or any agency thereof, **from any and all claims that were or could
> have been alleged by me in the aforementioned action**

*Id.* at 633 (emphasis added).  Consequently, the City defendants sought to dismiss the second

lawsuit on the basis of this release.

However, the District Court held that that the release Peterson signed settling the action relating to the Jan. 2007 arrest did not bar his claims arising from the July 2008 arrest. First, the District Court found that the release at issue was not a "general release." By including "could have been alleged . . . in the aforementioned action," the release did not bar recovery on *any* cause of action, as is normally the case with a general release. *Id.* at 636 (emphasis in original). Second, the Court held that Peterson could not have joined the defendants in both actions pursuant to Federal Civil Rule of Procedure 20. It found that no "same transaction, occurrence, or series of transactions and occurrences" existed because the defendants in both actions were not identical and nothing in the record suggested that the arrests were related in any way. *Id.* at 637-38. As a result, Peterson could not have brought the claims arising from the July 2008 arrest in the action relating to the Jan. 2007 arrest, and thus the former action was not barred. *Id.* at 638.

Here, Plaintiff's reliance on *Regina* is misplaced. It is clear that the release signed by Plaintiff is different from the one signed by Peterson. Whereas the release in *Regina* limited Peterson's release to claims that could have been brought in the settled action, the Release in the instant action bars *any and all claims* which Plaintiff had through the date the Release was signed. Because the Release does not contain the "could have been brought" language –and thus did not obligate Plaintiff to bring all of his claims in one single action – a joinder analysis is not appropriate here. *See Staples v. Officer Acolatza*, No. 14 Civ. 3922 (WHP), 2016 WL 4533560, at *3 n.2 (S.D.N.Y. Mar. 9, 2016) (distinguishing *Regina* because release at issue barred all claims up to release date); *Arzu v. City of N.Y.*, No. 13 Civ. 5980 (RA), 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) (describing release in *Regina* as one with "a narrower scope" and distinguishing it from releases that apply to "without limitation . . . all claims that a party ever

had against a party until the date of the release").  Since Plaintiff's claims in the instant suit accrued no later than September 25, 2012, which predates the Release, his claims are barred.

Accordingly, Defendants' motion to dismiss the case based on the Release in *Hackshaw I* is GRANTED.

## V.  Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 34, and close the case.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.


Dated:      November 2, 2016
            New York, New York

                                                    Edgardo Ramos, U.S.D.J.